GEORGE L. THOMPSON MANUF'G CO. v. WALBRIDGE.

(Circuit Court, S. D. New York.   March 7, 1894.)

1. PATENTS—INVENTION—CURLING IRONS.
  There is no invention in substituting, in a curling-iron, a drawn rod for a cast rod performing the same function, or in displacing a round spring by a flat spring, which is a mere equivalent.

2. SAME.
  The Thompson patent, No. 460,709, for a curling-iron is void for want of invention.

In Equity. Suit by the George L. Thompson Manufacturing Company against John H. Walbridge for infringement of a patent for a curling iron. The bill is dismissed.

Lysander Hill and C. Clarence Poole (Taylor E. Brown on the brief), for complainant.

Edwin H. Brown, for defendant.

COXE, District Judge. This action is founded upon letters patent No. 460,709 granted to George L. Thompson, October 6, 1891, for a curling iron. The first claim only is involved. It is as follows:

"1. A curling-iron comprising a mandrel, a clasp pivoted thereto, said mandrel and clasp being each provided with a relatively-long outwardly-deflected shank, a plate-spring bent upon itself and secured at its ends near the rear ends of said shanks, said spring being suitably bent so as to come into contact with the said shanks only at their points of connection with the same, and handles arranged upon said shanks, substantially as described."

The second claim differs from the first only as it provides for wooden handles, and, as such handles on curling-irons were admitted to be old at the date of the patent the second claim was abandoned or withdrawn at the argument.

The defendant contends that the patent is void for lack of invention. This question can best be illustrated by comparing a diagram of the patented curler with diagrams of two curlers selected from the many similar devices shown in the prior art.

This comparison is a demonstration. After the Campbell and Bissell curlers there is not a shred of patentability left in Thompson's patent. He has substituted a plate-spring for the spiral and bent wire springs of the prior patents; but there could hardly be

a better illustration of the use of one equivalent for another. In other respects his structure is almost the exact counterpart of curlers made years before.

It is said that he was the first to use a plate-spring bent upon itself and a mandrel made of steel rod, and it is argued that their use involved invention sufficient to sustain the patent. This proposition is unfounded both in fact and in law. The answer is fourfold. First. The specification says that the rod may be "drawn, rolled or otherwise formed." The claim says nothing whatever on the subject. It is broad enough to cover any mandrel no matter how constructed. Second. There was no invention in substituting a drawn rod for a cast rod, both performing precisely the same function. Third. Thompson was not the first to use a drawn rod for a curling iron. In 1885 Hinde and Bown, both Englishmen, made curlers of steel wire. Fourth. As already seen there was no invention in the substitution of a flat spring for a round spring, but Thompson was not the first to use a flat spring. The prior art shows many instances where flat springs have been employed in similar tools to perform identically the same function. If I had a particle of doubt upon this subject the patent should have the benefit of it, but I have not.

The bill is dismissed.